IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                     No. 15-CR-0772 MV

CHRISTOPHER COOK,

        Defendant.

## MEMORANDUM OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO ARMED CAREER CRIMINAL DESIGNATION

**THIS MATTER** is before the Court on the Objections made by Defendant Christopher Cook to the United States Probation Office's recommendation in its Presentence Investigation Report ("PSR") that Mr. Cook be designated an armed career criminal under 18 U.S.C. § 924(e). [Docs. 39, 43]. The government objected that the PSR should consider an additional prior felony conviction in support of its recommendation. [Doc. 41]. Having reviewed the PSR, the briefs, the documents establishing Mr. Cook's prior felony convictions, and having reviewed the relevant law and being aware of the premises, the Court overrules the defense's objections and finds that Mr. Cook must be designated an armed career criminal under 18 U.S.C. § 924(e).

## BACKGROUND

On September 9, 2016, Mr. Cook pleaded guilty to the one-count Indictment charging Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). The PSR recommends that Mr. Cook be designated an armed career criminal based on the following convictions under New Mexico law: two convictions for residential burglary in 1999 and 2001 under N.M.S.A. § 30-16-3(A), [Docs. 56-3, 56-4, 56-6], one conviction for commercial burglary in 1999 under § 30-16-3(B), [Docs. 56-4, 56-5], and one conviction for two counts of attempted

1

aggravated assault on a peace officer in 2008, under § 30-22-22(A)(1), [Docs. 56-1, 56-2]. [Docs. 34 ¶ 21; 44 at 1]. Having applied the armed career criminal enhancement, the PSR concludes that the advisory guideline range is 188 to 235 months. Mr. Cook argues that these prior convictions do not qualify as predicate violent felonies under the ACCA.

## DISCUSSION

The Armed Career Criminal Act (ACCA) imposes a mandatory minimum fifteen years incarceration for someone who violates 18 U.S.C. § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as either "(i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or (ii) is burglary, arson, extortion, [or] involves use of explosives." In *Johnson v. United States*, __U.S.__, 135 S. Ct. 2551 (2015), the Supreme Court invalidated the ACCA's residual clause, leaving only the above two categories for predicate violent felonies. Clause (i) is known as the "elements" clause, and clause (ii) is known as the "enumerated offenses" clause. In determining whether a conviction statute falls under the enumerated offenses clause, courts "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [offense], while ignoring the particular facts of the case." *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016) (citing *Taylor v. United States*, 495 U.S. 575, 600-01 (1990)). "[I]f the crime of conviction covers any more conduct that the generic offense, then it is not an ACCA [predicate violent felony]—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Id*.

Dealing first with Mr. Cook's burglary convictions, the Court incorporates by reference its analysis of New Mexico's burglary statute in *United States v. Tolentino*, 2017 WL 3149418

2

(D.N.M. Jun. 12, 2017), *certificate of appealability denied in* 707 Fed. Appx. 558 (10th Cir. Dec. 19, 2017). In *Tolentino*, this Court adopted the Magistrate Court's analysis of New Mexico's burglary statute as having a "divisible" structure, requiring the Court to apply the "modified categorical approach," in which the Court "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of. The court can then compare that crime, as the categorical approach commands, with the relevant generic offense." *Id*. at *2 (quoting *Mathis*, 136 S. Ct. at 2249). The Court adopted the Magistrate Judge's recommendation that New Mexico residential burglary is not broader than the generic definition of burglary. *Id*. at 4-6. Furthermore, the Tenth Circuit recently ruled in *United States v. Turrieta*, 875 F.3d 1340 (10th Cir. 2017), that New Mexico residential burglary is a violent felony under the ACCA. Accordingly, the Court counts Mr. Cook's two residential burglary convictions under § 30-16-3(A) as predicate violent felonies under the ACCA.

This Court has not yet ruled whether New Mexico commercial burglary under § 30-16-3(B) is a violent felony under the ACCA. In *United States v. Luna*, No. 16-CR-0343 MV, Doc. 70 at 10-14, Magistrate Judge Lourdes A. Martínez recommended to this Court that New Mexico commercial burglary is broader than generic burglary because it encompasses unlawful entries into vehicles, watercrafts or aircrafts, while the generic definition is limited to "buildings or other structures." *Id*. at 10. The Magistrate Court cited New Mexico Supreme Court caselaw, the plain text of the statute, and the wording of the correlative uniform jury instruction, all indicating that New Mexico commercial burglary is not divisible, making it broader than the generic definition of burglary. *Id*. at 11-13. This Court did not rule on whether to adopt this recommendation because additional facts came to light causing the Magistrate Court to eliminate

this analysis from its revised Report & Recommendations. *See United States v. Luna*, No. 16-CR-0343 MV, Doc. 90, 2018 WL 446660 (D.N.M. Jan. 17, 2018) (Vázquez, J.) (finding that the defendant was properly designated under the ACCA in light of five convictions for New Mexico residential burglary. However, the court held in *United States v. Barela*, No. 09-CR-1250 JAP, Doc. 71, 2017 WL 4280584 (D.N.M. Feb. 28, 2017) (Parker, J.) that New Mexico commercial burglary is not divisible and therefore broader than federal generic burglary. The court in *Barela* found that the defendant's ACCA designation had been based in part on a New Mexico commercial burglary conviction, and that the case should be set for resentencing. *Id*. at \*6. This Court notes that there may be emerging consensus that New Mexico commercial burglary is not a violent felony under the ACCA.

However, the Court need not decide whether New Mexico commercial burglary is a violent felony under the ACCA because Mr. Cook's conviction for attempted aggravated assault upon a peace officer under N.M.S.A. § 30-22-22(A)(1) clearly falls under the "elements" clause of the ACCA. The New Mexico statute criminalizing aggravated assault upon a peace officer reads:

> A. Aggravated assault upon a peace officer consists of:
> > (1) unlawfully assaulting or striking at a peace officer with a deadly weapon while he is in the lawful discharge of his duties;
> > (2) committing assault by threatening or menacing a peace officer who is engaged in the lawful discharge of his duties by a person wearing a mask, hood, robe or other covering upon the face, head or body, or while disguised in any manner so as to conceal identity; or
> > (3) willfully and intentionally assaulting a peace officer while he is in the lawful discharge of his duties with intent to commit any felony.
> B. Whoever commits aggravated assault upon a peace officer is guilty of a third degree felony.

N.M.S.A. § 30-22-22.

This statute has a divisible structure, calling for a modified categorical approach. It "lists alternative elements rather than enumerating various factual means of committing a single element—that is, if all of the elements under *either* (A)(1), (A)(2), *or* (A)(3) of the statute are met by a defendant's conduct, the defendant has committed the crime of aggravated assault on a peace officer." *United States v. Kirby*, No. 11-CR-282 JAP, Doc. 80, 2017 WL 4539291, at *4 (D.N.M Feb. 16, 2017) (Wormuth, M.J.), adopted by Parker, J, Doc. 83. Therefore the Court looks to the Amended Judgment of conviction, [Doc. 56-1], which indicates that Mr. Cook was convicted under section (A)(1). The Court will apply the modified categorical approach in analyzing whether this section of the statute qualifies as a violent felony under the ACCA, specifically under the "elements" clause, 18 U.S.C. § 924(e)(2)(B)(i). Mr. Cook in his objection focuses solely on New Mexico's attempt statute, [Doc. 43 at 3-4], which the Court will discuss in turn.

In *Kirby*, the defendant argued that section (A)(1) could not be a violent felony under the elements clause because the minimum culpable conduct would not require the use, attempted use, or threatened use of physical force. 2017 WL 4539291 at *4. The defendant argued that because New Mexico defines deadly weapon to include "any other weapons with which dangerous wounds can be inflicted," the minimum culpable conduct could include, for example, "trying to touch an officer with a stick, a rock, or a tire tool." *Id*. The court rejected this argument, noting that in order to convict under section (A)(1), a jury would have to find that the object was actually used as a weapon capable of causing deadly wounds. *Id*. at 5. In sum, the court concluded that "there is no realistic probability that a defendant could" commit aggravated assault upon a peace officer, in violation of N.M.S.A. § 30-22-22(A)(1), "without threatening the

use of violent physical force against the person of another." *Id*. For the same reasons, this Court agrees that § 30-22-22(A)(1) is a violent felony under the elements clause of the ACCA.

Mr. Cook argues that New Mexico's attempt statute is construed more broadly than attempt in the Tenth Circuit. [Doc. 43 at 3-4] (citing *United States v. Venzor-Granillo*, 668 F.3d 1224, 1232 (10th Cir. 2012) (defining attempt as "an intent to commit a crime and the commission of an act which constitutes a substantial step toward commission of that crime.")). Attempt in New Mexico "consists of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission." N.M.S.A. § 30-28-1. However, Mr. Cook cites *State v. Trejo*, 494 P.2d 173, 174 (N.M. Ct. App. 1972) for the proposition that because "slight acts" can qualify as a substantial part of the felony, New Mexico's attempt statute encompasses smaller steps towards the felony than under the Circuit Court's definition. [Doc. 43 at 4].

The Court disagrees. In *United States v. Thompson*, --Fed.Appx.--, 2018 WL 327221, at *2-3 (10th Cir. Jan. 9, 2018), the Tenth Circuit held that a conviction for New Mexico attempted first-degree murder was a predicate violent felony under the elements clause of the ACCA. The Court explained that the New Mexico Court of Appeals in *Trejo* was clear that "the overt act required 'must be more than preparation; it must be in part execution of the intent to commit the crime." *Id*. at *3 (citing *Trejo*, 494 P.2d at 174). Therefore, "in order to support an attempt conviction under New Mexico law, 'slight acts' will suffice only if they are in a direct movement towards the commission of the felony offense." *Id*. (citing *State v. Stettheimer*, 607 P.2d 1167, 1171-72 (N.M. Ct. App. 1980)). This interpretation is supported by New Mexico's Uniform Jury Instructions, which provide that to be guilty of attempt, the defendant must have "beg[u]n to do an act which constituted a substantial part of the [crime]." *See id*. (citing N.M.R.A. UJI 14-2801

(2017)). Because the Tenth Circuit has clarified that "slight acts" under *Trejo* nevertheless must be more than mere preparation and must move the defendant partway in commission of the crime, this Court does not view attempt under New Mexico law as broader than the Circuit Court's definition of attempt.

Furthermore, the Tenth Circuit's holding in *Thompson* demonstrates that an attempt to commit a violent felony under the ACCA is also a violent felony under the ACCA. The defendant in *Thompson* was convicted of New Mexico attempted first-degree murder, with a firearm enhancement. 2018 WL 327221 at *1. The Court noted that in addition to its analysis of New Mexico attempt under *Trejo*, the firearm enhancement established, without looking at the facts underlying the conviction, that the defendant had used a firearm in an act that was a substantial part of the crime of first-degree murder. *Id.* at *3; *see also United States v. Dean*, No. 11-CR-2011 WJ, Doc. 49, 2017 WL 3225476, at *4-5 (D.N.M. Feb. 24, 2017) (Martínez, M.J.), adopted by Johnson, J., Doc. 51 (finding that defendant's conviction for New Mexico attempted armed robbery required proof of being armed with a deadly weapon and therefore is a violent felony under the elements clause of the ACCA). The *Thompson* Court held that "[r]easonable jurists would agree" that this aspect of the defendant's conviction "also at least threatens the use of physical force" under the elements clause of the ACCA. 2018 WL 327221 at *3. Similarly, Mr. Cook's conviction for attempted aggravated assault upon a peace officer establishes, without considering the facts underlying the conviction, that Mr. Cook used a deadly weapon in an act that was a substantial part of the crime of aggravated assault upon a peace officer. Accordingly, because aggravated assault upon a peace officer is a violent felony under the elements clause, attempted aggravated assault upon a peace officer is also a violent felony under the ACCA.

**IT IS THEREFORE ORDERED** that Mr. Cook's objections to being designated an armed career criminal are OVERRULED. Based on Mr. Cook's two convictions for New Mexico residential burglary and his conviction for attempted aggravated assault upon a peace officer, the Court is bound to apply the armed career criminal enhancement to Mr. Cook's sentence.

Dated this 2nd day of March, 2018.

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**